### EUGENIE BOSSIER *v.* THOS. MASKELL.

The purchaser of land sold for taxes who does not show that the sale was made according to the requirements of law, has not such a title as can form the basis of the prescription of ten years.

The purchaser at Sheriff's sale who does not show a description of the land sold, cannot maintain the plea of prescription of five years, under the Act of 1834.

APPEAL from the District Court of St. Mary, *Voorhies*, J.

*J. G. Olivier* and *Swayze & Moore*, for plaintiff. *J. W. Walker*, for defendant and appellant.

VOORHIES, J. The plaintiff claims by inheritance the ownership of a tract of land described in her petition. She alleges that the defendant, who has never been in possession of said land, has slandered her title to the same. It is, in effect, an action of jactitation of title. The defendant has attempted to deduce his title from *Némésis Bossier*, the plaintiff's ancestor. He alleges, in his answer, that he purchased the land in controversy from *Alexander Brette*, by notarial act, dated the 7th of March, 1848, whereby he was subrogated to all the rights of action and of warranty to which *Brette* was entitled by virtue of a sheriff's sale to him on the 3d of July, 1847, at the suit of *J. E. Lacy* v. *J. Y. Sanders ;* that, in case of eviction, he has his recourse in warranty against the arties to that suit, whom he prays may be accordingly cited.

*Lacy*, in his answer to the call in warranty, averred that he transferred to *Brette* certain claims, one of which was that against *Sanders*, with the express understanding that the latter should take the same without any recourse against him, etc.

The other warrantor, *Sanders*, pleaded the general issue, and averred that the defendant was the owner and possessor of the land in controversy by virtue of good and sufficient titles translative of property; and that the defendant and those under whom he claims, have been in possession for more than ten years, a period sufficient to acquire title by prescription.

The defendant, in an amended answer, pleaded the prescription of five years, under the Act of the 10th of March, 1834, as a bar to the plaintiff's right to attack the sale of the Sheriff at the suit of *Lacy* v. *Sanders;* and also averred that the plaintiff's right to attack the Sheriff's sale for taxes due by *Némésis Bossier* in the years 1823 and 1824 was also barred by the prescription of five years, under that statute.

The defendant is appellant from a judgment rendered against him on these issues in favor of the plaintiff. In this court, he has waived the peremptory exception which he had interposed in the court below, and asks that the controversy may be determined upon its merits.

The record shows that the only evidence of the divestiture of *Némésis Bossier's* title are the following receipt and extract from the tax roll of 1819, viz:

" Received of *J. Y. Sanders* the sum of seven dollars and fifty cents, the amount of tax due on a tract of land assessed to *Nemest Bossier*, and this day sold to satisfy the State and parish tax for 1822.

    " This 25th August, 1823.            J. B. MURPHY,

                     " Collector of the Parish of St. Mary."

EXTRACT:

" Year 1819, No. —.   *Némésis Bossier*, 30 arpents, third quality, valued $1500."

*Némésis Bossier* was, it appears, a non-resident. Nothing shows that the land in controversy was sold under the authority of the Treasurer, in accordance with the requirements of the Act of the 20th of March, 1818. (Session Acts of 1818, p. 90.) We consider this evidence clearly insufficient to constitute a title translative of property, and such as can form the basis of the prescription of ten years. In the receipt and extract from the tax roll no description is given of the land alleged to have been sold. This we consider as a fatal defect, which cannot be cured by the prescription invoked under the Act of 1834. *Wilson* v. *Marshall*, 10 An.

As to the prescription of thirty years, pleaded by defendant, we think the evidence is clearly insufficient to sustain it.

It is therefore ordered and decreed that the judgment of the District Court be affirmed, with costs.